IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| VS. | NO. 5: 10-CR-26 (HL) |
| **MYRON McCRARY**, | |
| Defendant | Re: Violation of Conditions of Release |

## ORDER OF REVOCATION AND DETENTION

Defendant, **MYRON McCRARY**, represented by legal counsel Mr. Scott C. Huggins of the Macon Bar, this day appeared before the undersigned for a hearing under provisions of 18 U.S.C. §3148 on the motion of the United States seeking a revocation of this court's order of March 22, 2010, setting conditions for his pretrial release. The United States was represented by Assistant U.S. Attorney Michael K. Dennard. Upon consideration of the testimony of government witnesses Agent Del Cole of the Georgia Bureau of Investigation and Adrian Tenison, an informant utilized by the government, and of the proffer made by Attorney Huggins on behalf of defendant McCrary, the court makes the following findings:

### LEGAL FINDINGS

(1) There is PROBABLE CAUSE to believe that while on release, defendant McCrary committed a federal felony on or about July 9, 2010, by intimidating an informant to change or withhold his testimony in the above-captioned criminal proceeding, in violation of 18 U.S.C. §1512; and,

(2) The defendant has failed to rebut the presumption of 18 U.S.C. §3148 "that no condition or combination of conditions will assure that the person will not pose a danger to the safety pf any other person or the community."

## FINDINGS OF FACT

Based upon the uncontroverted testimony of confidential informant Adrian Tenison, the undersigned finds that on or about July 9, 2010, defendant McCRARY approached Mr. Tenison at a service station while Tenison had his two year old daughter with him. McCrary, who knew that Tenison was an informant in the above-captioned case, told him that he had nothing to lose (because he was facing life imprisonment if convicted) and coerced Tenison to accompany him to his [McCrary's] lawyer's office for the purpose of advising his attorney that he [McCrary] had had no drug dealings with Tenison. At the lawyer's office, Tenison was shown a written statement which had been telefaxed to the office indicating that he [Tenison] had not been involved in any drug dealing with McCrary. The statement contained a signature purporting to be that of Tenison; however, he denied that he had signed this document. While at the attorney's office, Tenison continued to feel threatened. Although no attempts to inflict physical harm were made upon Tenison, he was induced to cooperate with McCrary and support McCrary's claim of innocence because of what he perceived to be threats of physical harm to his daughter and to himself.

**ACCORDINGLY, IT IS ORDERED AND DIRECTED** that the court's ORDER OF RELEASE entered March 22, 2010, be, and it is, **REVOKED**. The defendant is ordered **DETAINED** and is hereby committed to the custody of the United States Marshal for the Middle District of Georgia. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 16th day of JULY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE