IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MYRON MCCRARY, | : | |
| Petitioner, | : | |
| | : | NO. 5:12-CV-90120 (CAR) |
| VS. | : | NO. 5:10-CR-00026 (CAR) |
| | : | |
| UNITED STATES OF AMERICA , | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

**RECOMMENDATION**

Before the Court is Petitioner Myron McCrary's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 109. Also before the Court is Petitioner's Motion for Leave to Amend his Original Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 133. Petitioner principally argues that his sentence should be vacated and that he should be resentenced in accordance with the more lenient statutory penalty provisions of the Fair Sentencing Act of 2010 (FSA). Id. Respondent waives any affirmative defense regarding procedural default and concedes that Petitioner should be resentenced under the FSA. Doc. 136.

In light of the Supreme Court's recent decision in Dorsey v. United States, 132 S.Ct. 2321 (2012), making the FSA applicable to those offenders whose crimes preceded the FSA's enactment but whose sentences were imposed after the FSA's enactment, Petitioner may be entitled to resentencing based on the more lenient statutory penalty provisions established in the FSA. Accordingly, it is hereby **RECOMMENDED** that Petitioner's Section 2255 Motions (Docs. 109, 133) be **GRANTED** and that Petitioner be resentenced in accordance with the FSA and Dorsey.

1

FACTUAL AND PROCEDURAL HISTORY

On March 10, 2010, a grand jury in this Court returned a two-count indictment against Petitioner and one codefendant. Doc. 1. Count One charged Petitioner with distribution of cocaine, and Count Two charged Petitioner with distribution of more than fifty (50) grams of crack cocaine. Id. On September 10, 2010, Petitioner entered a plea agreement with the Government under which Petitioner agreed to plead guilty to Count Two in exchange for the Government's dismissal of Count One and the possibility of a sentence reduction if Petitioner provided substantial assistance as well as a sentence adjustment if Petitioner accepted responsibility. Doc. 75. Pursuant to the stipulation of facts, the net weight of the crack cocaine involved in Count Two was 51.77 grams. Id.

Before Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). Using the relevant Guidelines Manual, the PSR calculated the base offense level at 26 because Petitioner pleaded guilty to an offense involving between 28 and 112 grams of crack cocaine. The PSR also calculated an upward adjustment of 2 because Petitioner obstructed justice by intimidating the confidential informant involved in this case. As such, the PSR found a total offense level of 28 and a criminal history category of III. Based on the total offense level of 28 and the criminal history category of III, the PSR determined that Petitioner's sentencing guidelines range was from 97 to 121 months. Petitioner, however, was subject to a statutory mandatory minimum sentence of 120 months. Consequently, the PSR recommended a final sentencing guidelines range from 120 to 121 months.

On January 27, 2011, Petitioner appeared for sentencing. Doc. 121. During the sentencing hearing, neither Petitioner nor the Government objected to the PSR. Id. After reviewing and accepting the findings in the PSR, the Court sentenced Petitioner to 120 months

2

imprisonment followed by five years of supervised release. Id. The Court entered its final judgment on January 31, 2010. Doc. 89.

On January 26, 2012, Petitioner filed his original Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 109. Petitioner subsequently filed his third Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010 on June 29, 2012.[1] Doc. 125. Then, on February 12, 2013, Petitioner filed his Motion for Leave to Amend his Original Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 133. The Government responded to Petitioner's original and amended Section 2255 Motions. Docs. 116, 136.

DISCUSSION

Petitioner essentially argues that he should be resentenced in accordance with the more lenient statutory penalty provisions of the FSA in light of the Supreme Court's recent decision in Dorsey. Because Petitioner's criminal conduct occurred before the effective date of the FSA and Petitioner's sentencing occurred after the effective date of the FSA, and because Petitioner may be entitled to a sentencing reduction, it is appropriate for the Court to vacate Petitioner's existing sentence and resentence Petitioner in light of the FSA and Dorsey.

On August 3, 2010, Congress enacted the FSA to reduce the crack cocaine to powder cocaine sentencing disparity. 124 Stat. 2372; Dorsey, 132 S.Ct. at 2326. The FSA increased the necessary quantity of crack cocaine to trigger the 120 month statutory mandatory minimum sentence from 50 grams to 280 grams. See 21 U.S.C. § 841(b)(1)(A)(iii). The FSA also increased

---

[1] Petitioner previously filed two other motions for reduction of sentence. Docs. 101, 103. The Court denied without prejudice the first of these motions (Doc. 101) as premature. Doc. 102. The Court denied the second of these motions (Doc. 103) as well. Doc. 104. On appeal, the Eleventh Circuit Court of Appeals affirmed the denial of Petitioner's second motion for reduction of sentence in an unpublished per curiam decision, concluding that the Court lacked authority to resentence Petitioner under 18 U.S.C. § 3582(c)(2) "[b]ecause the relevant sentencing range has not been lowered by the Sentencing Commission since [Petitioner's] sentencing." Doc. 128 at 4.

the necessary quantity of crack cocaine to trigger the 60 month statutory mandatory minimum sentence from 5 grams to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). Then, on June 21, 2012, the Supreme Court concluded that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." Dorsey, 132 S.Ct. at 2335. Therefore, defendants whose illegal conduct occurred before August 3, 2010 and whose sentencing occurred after August 3, 2010 are entitled to receive the benefit of the new statutory mandatory minimum sentences prescribed by the FSA.

In this case, Petitioner may be entitled to a sentencing reduction from the Court. The record establishes that Petitioner committed the offense set forth in Count Two on or about March 12, 2009, which is before the FSA's enactment. The record further establishes that Petitioner was sentenced on January 27, 2011 and that final judgment was entered on January 31, 2011, which is after the FSA's enactment. Because Petitioner is among the defendants whose illegal conduct occurred before August 3, 2010 and whose sentencing occurred after August 3, 2010, it is undisputed that Dorsey applies here.

In addition, pursuant to the FSA, Petitioner here would no longer be subject to the mandatory minimum sentence of 120 months imprisonment because the parties stipulated in the plea agreement that the quantity of crack cocaine involved in the offense to which Petitioner pleaded guilty was 51.77 grams. Even so, the current statutory sentencing range contains a mandatory minimum sentence of 5 years and a maximum sentence of 40 years imprisonment for the quantity of crack cocaine involved in this case. As a result, the Court may reduce Petitioner's existing sentence of 120 months imprisonment, but any sentencing reduction by the Court appears to be discretionary because Petitioner's existing sentence does not exceed the current statutory sentencing range. In any event, because the parties agree that Petitioner is entitled to

have the Court vacate his existing sentence and consider reducing Petitioner's sentence in accordance with the FSA and Dorsey, the Court should proceed in accordance with the parties' request.

## CONCLUSION

Because Petitioner may be entitled to have the Court reduce his sentence in accordance with the FSA and Dorsey, it is hereby **RECOMMENDED** that the instant Section 2255 motions (Docs. 109, 133) be **GRANTED**. It is **FURTHER RECOMMENDED** that Petitioner's existing sentence be **VACATED**, that a hearing date be set for Petitioner to be **RESENTENCED** by the Court, and that the Probation Office prepare a new PSR. Because Petitioner is not represented by counsel currently, the Court should appoint new counsel to represent Petitioner in all future proceedings related to his Section 2255 Motions.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy thereof.

**SO RECOMMENDED**, this 28th day of March, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge